IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER BUNTEN,

                Petitioner,

v.

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                Respondent.

ORDER

20-cv-268-wmc

---

Christopher Bunten, an inmate at the Jackson Correctional Institution, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2014 conviction in the Circuit Court for Douglas County, Wisconsin, for second-degree sexual assault of an intoxicated person incapable of giving consent. He has paid the five dollar filing fee. The petition is before the court for screening under Rule 4 of the Rules Governing Section 2254 Cases, which authorizes the court to conduct an initial screening of petitions and to "dismiss unworthy requests for habeas corpus relief." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). During its initial review of habeas petitions, the court looks to see whether the petitioner has set forth cognizable constitutional or federal law claims, exhausted available state remedies, and whether the petition is timely.

Petitioner challenges his conviction on the following grounds: (1) his trial lawyer was ineffective in failing to adequately cross-examine the state's toxicologist, and by failing to retain a toxicologist to testify for the defense; (2) his trial lawyer was ineffective in failing to investigate and call certain witnesses at trial; (3) the circuit judge exhibited judicial bias at the postconviction motion hearing; and (4) "Denied Sixth Amendment rights and Fourth Amendment due process to be properly represented." (Pet. (dkt. # 1) 6-11). In addition,

petitioner filed a supplement to his petition in which he asserts that the state "did not meet its burden of proof under due process." (Supp. Pet. (dkt. # 3) 2).

Petitioner appears to have exhausted his first three claims by raising them on direct appeal and in a petition for review by the Wisconsin Supreme Court. *See State v. Bunten*, 2019 WI App 48, 1, 388 Wis. 2d 476, 934 N.W.2d 579 (unpublished disposition), *review denied*, 2019 WI 100, 1, 389 Wis. 2d 153, 935 N.W.2d 689. Moreover, the first three claims state cognizable constitutional claims for ineffective assistance of counsel and denial of due process. Claim four does not appear to be a separate claim, but rather a restatement of petitioner's claim of ineffective assistance of counsel.

Petitioner's fifth claim, raised in his supplement to his petition, dkt. 3, that the state "did not meet its burden of proof under due process," can be construed as stating a claim under *Jackson v. Virginia*, 443 U.S. 307, 320 (1979) (articulating standard for sufficiency-of-the- evidence challenges brought under 28 U.S.C. § 2254). However, petitioner did not raise this claim on direct appeal. This is problematic, because a state prisoner seeking habeas relief from the federal court must first "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Principles of comity require that the habeas petitioner present his federal constitutional claims initially to the state courts in order to give the state the "'opportunity to pass upon and correct alleged violations of its prisoners' federal rights."' *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted)). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 1570 n. 28 (1982); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State

. . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). The Supreme Court has interpreted the exhaustion requirement as imposing a rule of "total exhaustion," that is, that *all* claims in the petition must be exhausted before a federal court may rule on the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Petitioner does not explain why he did not raise his sufficiency-of-the-evidence claim on appeal, but one possibility may be deficient performance by his appellate lawyer. Under *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W. 2d 540, 545 (1992), petitioner could challenge his appellate lawyer's performance by filing a petition for a writ of habeas corpus in the state court of appeals. Thus, because a remedy exists in Wisconsin by which petitioner could obtain state court review of his sufficiency-of-the-evidence claim, the claim is unexhausted.

In *Lundy*, 455 U.S. at 522, the Court indicated that when faced with a "mixed" petition, that is, one presenting both unexhausted and exhausted claims, the district should dismiss it without prejudice to allow the state prisoner to return to the state courts with his unexhausted claims. *Id*. at 522. Alternatively, the petitioner can amend the petition to delete the unexhausted claims. *Id*. at 521.¹ Before dismissing the petition, I will give petitioner the opportunity to decide whether he prefers to abandon his unexhausted claim of insufficiency- of-the-evidence and proceed solely on the claims that have been exhausted, or if he wishes to pursue

---

¹ Although district courts have discretion to stay the petition and place it in abeyance, rather than dismiss it, such discretion is properly exercised only in situations where dismissal is likely to terminate any federal review. *Rhines v. Weber*, 544 U.S. 269, 274 (2005). This case does not present that situation. The Wisconsin Supreme Court denied Bunten's petition for review on October 15, 2019, meaning that his one-year period for seeking federal habeas relief began to run on January 13, 2020. *Anderson v. Litscher*, 281 F.3d 672, 674-675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under §2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). If petitioner acts with diligence, then he has ample time to complete the state court exhaustion process and return federal to court with a new petition, particularly since his federal clock will be stayed so long as he has a "properly filed" application for collateral relief pending in the state courts. *See* 28 U.S.C. § 2244(d)(2).

his unexhausted claim in state court. In deciding which course of action to pursue, petitioner is advised that a state prisoner challenging a state court conviction generally gets only one shot at federal habeas relief. This means that if he decides to give up his unexhausted claim and present only the ones that he has already exhausted, it is unlikely that this court would allow him to raise the unexhausted claims in a subsequent federal habeas petition. *See Lundy*, 455 U.S. at 521 ("[A] prisoner who decides to proceed only with his exhausted claims and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions") (citing 28 U.S.C. § 2254 Rule 9(b), authorizing dismissal for abuse of the writ).

ORDER

IT IS ORDERED that petitioner Christopher Bunten has until July 20, 2020, within which to advise the court whether he wishes to pursue his unexhausted "supplemental" claim in state court or whether he prefers to proceed solely on the exhausted claims raised in his original petition. If petitioner chooses the former, or if he does not report his choice by the deadline, then his petition, as supplemented, will be dismissed without prejudice for his failure to exhaust his state court remedies, pursuant to *Rose v. Lundy*. If petitioner chooses the latter, then the state will be ordered to respond only to the claims raised in the original petition.

Entered this 29th day of June, 2020.

BY THE COURT:

/s/
STEPHEN L. CROCKER
Magistrate Judge

4