IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHRISTOPHER BUNTEN,

                      Petitioner,                          OPINION AND ORDER

        v.
                                                           20-cv-268-wmc

LIZZIE TEGELS, Warden,
Jackson Correctional Institution,

                      Respondent.

Christopher Bunten, an inmate at the Jackson Correctional Institution, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which challenges his 2014 conviction in the Circuit Court for Douglas County, Wisconsin, for second-degree sexual assault of an intoxicated person incapable of giving consent.  (Dkt. #1.)  Petitioner more recently filed a motion for default judgment on the ground that the state did not answer, more or otherwise respond by December 16, 2020, a deadline established by the court in an order to show cause issued on October 16, 2020.  (Dkt. #9.)  Unfortunately, while this court did, in fact, sign and issue the order on October 16, 2020, mailing a copy to petitioner, the court has since learned that, through an oversight, the October 16 order was never formally docketed electronically in the formal case file, meaning that it was also never served electronically on the Wisconsin Attorney General's office as is the ordinary custom and practice.

Accordingly, the court must deny petitioner's motion for default judgment as the government failed to respond through no fault of its own.  Instead, with sincere apologies to petitioner *and* respondent for this unfortunate (and truly rare) oversight, the court will

direct electronic docketing of the order today, triggering the ordinary response time to the petition.

Also before the court is petitioner's motion for release pending final resolution of his habeas petition. (Dkts. ##7-8.)  Although "there is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases," that power is to be exercised "very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985); *see Kramer v. Jenkins*, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting *Cherek* to allow federal district judges to admit bail to both state and federal petitioners); *see also Bolante v. Keisler*, 506 F.3d 618, 620 (7th Cir. 2007) ("Inherent judicial authority to grant bail to persons who have asked for relief in an application for habeas corpus is a natural incident of habeas corpus . . . A judge ought to be able to decide whether the petitioner should be allowed to go free while his claim to freedom is being adjudicated.").  To obtain release on bail pending a decision on the petition, Bunten would have to have shown "not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994) (quoting *Pethtel v. Attorney Gen. of Ind.*, 704 F. Supp. 166, 169 (N.D. Ind. 1989)).  He also must "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." *Id*. "'[H]abeas petitioners are rarely granted release on bail pending disposition' of their petition." *Id*.

Here, etitioner asserts that release pending § 2254 relief is appropriate because:  (1) he has presented clear evidence showing that he has strong claims for ineffective assistance

of counsel and insufficiency of the evidence; (2) he was released on bail for more than two years while his Douglas County case was pending and he complied with all conditions; and (3) release on bail will allow him to complete his court-ordered conditions for obtaining custody of his children, who are in foster care.  Although the court empathizes with petitioner's family situation, especially as added to by another six month delay cased by this court's clerical error, it nevertheless finds that petitioner's is not the rare case where bail is appropriate.

As an initial matter, the threshold for habeas relief is high.  *See* 28 U.S.C. § 2254(d). Petitioner must show that the Wisconsin Court of Appeals' decision affirming his conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  As applied to ineffective assistance of counsel claims in particular that petitioner asserts here, this court can grant habeas relief only if the Wisconsin Court of Appeals committed a "clear error" in applying the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984).  Having reviewed petitioner's detailed recitation of the facts and the Wisconsin Court of Appeals' thorough opinion affirming his conviction, the court simply cannot conclude, at least at this stage of the proceedings, that a clear error was committed.

Moreover, although petitioner seems to believe otherwise, his sufficiency-of-the-evidence claim is likely procedurally defaulted, meaning that this court may not review its merits *unless* petitioner is able to show he qualifies for one of the exceptions to the procedural default doctrine, which is yet another extraordinarily high burden to meet. Petitioner's claims here are, at least on their face, neither as strong as he appears to believe,

nor present exceptional circumstances justifying his release pending a final adjudication of his petition.  Accordingly, his motion for bail pending resolution of his petition will also be denied.

ORDER

IT IS ORDERED that:

1) The clerk's office is directed to docket the court's original October 16, 2020, order today and respondent shall abide by its ordered deadlines using today's date as the effective date of service barring a request for additional time based on good cause shown;

2) Petitioner's motion for default judgment (dkt. #9) is DENIED; and

3) Petitioner's motion for release (dkt. #7) is DENIED.

Entered this 12th day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4